IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMADOR L. CORONA, Attorney at Law, individually and on behalf of all other similarly situated persons;<br><br>Plaintiff,<br><br>vs.<br><br>TRANSCENDENT ONE, INC., a Nevada corporation; and FIRST NATIONAL BANK OF OMAHA, a Nebraska corporation;<br><br>Defendants. | **8:12CV89**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the motion of defendant Transcendent One, Inc. ("Transcendent") to dismiss for failure to state a claim, Filing No. 9; the motion of defendant First National Bank of Omaha ("FNBO") to dismiss for failure to state a claim, Filing No. 12; Transcendent's Motion to Strike Exhibit 2 of Plaintiff's Index of Evidence, Filing No. 26; FNBO's Motion to Strike Index, Filing No. 30; and the Defendants' Joint Motion for Oral Argument, Filing No. 32.[1]

I. Background

This is a putative class action for damages and declaratory relief for breach of contract and unjust enrichment that was removed, under 28 U.S.C. § 1453(b), from the District Court of Douglas County, Nebraska. Filing No. 1, Ex. 1, Complaint. In their notice of removal, defendants base jurisdiction on diversity of citizenship under 28

---

[1] The court finds oral argument is not necessary and the motion will be denied.

U.S.C. § 1332(d) (regarding class actions) and on a federal question under 28 U.S.C. § 1331.[2]

The plaintiff, a merchant, purportedly brings this action on behalf of "all merchants in the United States who were assessed an 'IRS Processing Validation Charge' by the defendants from May 1, 2011 through the present." *Id.*, Complaint at 1. The plaintiff alleges that defendant Transcendent, a VISA and MasterCard registered merchant service provider, and defendant FNBO, a merchant bank, assessed illegal and improper "IRS Processing Validation Charges," contrary to IRS guidelines. *Id.* The plaintiff asserts claims for breach of contract[3] (Count I) and unjust enrichment (Count II). *Id.* at 9-11. He further seeks a declaration that any contractual provision that permits an "IRS Validation Processing Charge" is void and unenforceable in violation of the law and

---

[2] It appears that federal question jurisdiction may not be proper, but that fact is of no consequence since this court has jurisdiction under 28 U.S.C. § 1332(d). Defendants contend the court "has original federal question jurisdiction over this matter because certain claims alleged in the complaint involve resolution of an important question of federal law, namely the proper interpretation of 26 U.S.C. § 6050W and related federal regulations." Filing No. 1, Notice of Removal at 2. "Federal courts are courts of limited jurisdiction, and a district court's federal question jurisdiction extends only to 'civil actions arising under the Constitution, laws, or treaties of the United States.'" *Mamot Feed Lot and Trucking v. Hobson*, 539 F.3d 898, 902 (8th Cir. 2008) (quoting 28 U.S.C. § 1331). "Removal based on federal question jurisdiction is governed by the well-pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009). Removal to federal court is improper if federal jurisdiction is premised solely on a plaintiff's allegation of an anticipated defense or upon a defendant's responsive pleading. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 809 & n.6 (1986); *see also Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009). Only when a federal statute wholly displaces the state-law cause of action through complete preemption can the state claim be removed. *Vaden*, 556 U.S. at 61 (describing the so-called "complete preemption" doctrine—wherein a complaint purporting to rest on state law can be recharacterized as one "arising under" federal law if the law governing the complaint is exclusively federal). This is not such a case. Although the business activities of national banks are controlled by the National Bank Act (NBA), 12 U.S.C. § 1 *et seq.*, and regulations promulgated thereunder by the Office of the Comptroller of the Currency ("OCC"), the Act and OCC regulations thereunder do not "preempt the field of banking.". *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 7, 11 (2007) (noting that "Federally chartered banks are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or the general purposes of the [Act].")

[3] Although it was not attached to the complaint, the contract at issue was later filed. *See* Filing No. 8.

2

public policy of Nebraska (Count III). *Id.* at 11. He seeks damages and restitution on behalf of the class. *Id.*

The defendants move to dismiss the plaintiff's "claims relating to violations of federal law," asserting that federal law does not prohibit the imposition of such fees.[4] They also move to dismiss the plaintiff's breach of contract claim arguing that the contract provides that additional fees may unilaterally be assessed with 30 days' notice. Further, they argue that the plaintiff's unjust enrichment claim is subject to dismissal because the parties' relationship is governed by an express contract.

II. Law

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

---

[4] In connection with that contention, the defendants argue that the court should afford no deference to any guidance that appears on the IRS website that indicates that assessment of such fees is improper, and they move to strike the plaintiff's exhibit containing the IRS website's "frequently asked questions" or "FAQs." In light of the court's disposition, the motion to strike will be denied as moot.

3

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 677-78. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* The Supreme Court has prescribed a "two-pronged approach" for evaluating Rule 12(b)(6) challenges. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court should divide the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. at* 677 (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.). The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true,

could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

Under Nebraska law, in order to recover for a breach of contract, the plaintiff must prove a promise, the breach of that promise, and damages resulting from that breach. *K.M.H. v. Lutheran General Hosp.*, 431 N.W.2d 606, 608 (Neb.1988). Unjust enrichment has been defined as the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience. *Kisicki v. Mid-America Fin. Inv. Corp.*, 2002 WL 31654490, *6 (Neb. App. 2002). Unjust enrichment describes a recovery for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels the performance of a legal and moral duty to pay. *Id.* (noting that unjust enrichment is part of the law of restitution and is used to create an implied or quasi-contractual relationship between the parties in the absence of a written contract). See *Washa v. Miller*, 546 N.W.2d 813, 818-19 (Neb. 1996) (the doctrine of unjust enrichment is recognized only in the absence of an agreement between the parties); *Folgers Architects Ltd. v. Kerns*, 633 N.W.2d 114, 128 (Neb. 2001) (noting that unjust enrichment is not "a viable theory when an enforceable contract exists between the parties and the contract governs the damages at issue"). This is not to say that a plaintiff can never recover under both an unjust enrichment claim and a breach of contract claim in the same case. *See, e.g., Associated Wrecking & Salvage Co. v. Wiekhorst Bros. Excavating & Equip. Co.*, 424 N.W.2d 348, 349 (Neb. 1988) (noting that there may be an implied contract on a point not covered by an

5

express contract, or based on the subsequent conduct of the parties not covered by the express contract). A plaintiff may plead alternative and inconsistent legal causes of action arising out of the same facts. *See* Fed. R. Civ. P. 8(d)(2); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

    III.  Discussion

The court finds the defendants' motions to dismiss should be denied. The defendants' attempt to dismiss a purported federal claim is unavailing. The court interprets the plaintiff's complaint as raising only state law claims and not a violation of federal law as a freestanding claim. The plaintiff asserts state-law claims for breach of contract and unjust enrichment. Allegations in the complaint that relate to IRS statutes and regulations provide background and context for the plaintiff's state-law claims. The breach of contract claim is premised in part on an assertion that certain contract provisions may be unconscionable. That the defendants' actions are contrary to an IRS rule, regulation, or guideline would be relevant to that determination. Similarly, the inquiry would also be relevant to the equitable determination of whether the defendants were unjustly enriched. At this stage of the litigation—when no class action has yet been certified and defendants have not yet answered—there is no reason to assume that it will be necessary to resolve an important issue of federal law in this case so as to recharacterize the action as one arising under federal law.

Further, even if the violation of a federal statute were at issue, the defendants have not established that the plaintiff's allegations are insufficient to state a claim. The defendants argue only that the defendants' actions are not prohibited under the statute.

The fact that a statute may not forbid a certain course of conduct does not establish as a matter of law that such conduct is permitted.

The court finds the plaintiff's complaint adequately states claims for breach of contract and unjust enrichment under Nebraska law.  Under the Federal Rules, the plaintiff may plead alternative legal theories at this stage of the litigation.  If the contract at issue were found void for lack of mutual assent or unconscionability, the plaintiff could proceed with his unjust enrichment claim.  In the alternative, if a valid written contract were found, then the plaintiff's contractual remedy would bar any quasi-contractual liability for unjust enrichment.  Accordingly, the court finds the defendants' motions to dismiss should be denied.

IT IS ORDERED:

1.  Defendant Transcendent's Motion to Dismiss for failure to state a claim, (Filing No. 9) is denied;

2.  Defendant FNBO's Motion to Dismiss for failure to state a claim (Filing No. 12) is denied;

3.  Defendant Transcendent's Motion to Strike Exhibit 2 of Plaintiff's Index of Evidence (Filing No. 26) is denied as moot;

4.  Defendant FNBO's Motion to Strike Index (Filing No. 30) is denied as moot; and

5.  Defendants' Joint Motion for Oral Argument (Filing No. 32) is denied.

Dated this 4th day of October, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge