IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMADOR L. CORONA, ATTORNEY AT LAW, individually and on behalf of all other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>UNITED BANK CARD, INC., and FIRST NATIONAL BANK OF OMAHA, a nationally chartered bank,<br><br>Defendants. | Case No. No. 8:12-cv-00089<br><br><br><br><br><br>**BRIEF IN SUPPORT OF THE MOTION OF DEFENDANT UNITED BANK CARD'S (HARBORTOUCH PAYMENTS, LLC) MOTION FOR LEAVE TO AMEND ITS ANSWER** |

Defendant Harbortouch Payments, LLC, a Delaware Limited Liability Company, formerly United Bank Card, Inc. d/b/a Harbortouch ("Harbortouch"), submits this brief in support of its motion seeking leave of Court to file its amended answer, pursuant to Fed. R. Civ. P. 15 (a)(2) and pursuant to NE Civ. R. 15.1 (a). In support of its motion Harbortouch states:

### I. History of the Case

This case was originally filed against First National Bank and Transcendent One on February 2, 2012. First National Bank of Omaha was granted summary judgment and it has been dismissed from the case. Defendant Transcendent One was dismissed from the case by the filing of an Unopposed Motion to Amend the Complaint which occurred with the substitution of United Bank Card, Inc. d/b/a Harbortouch as the sole Defendant on March 20, 2013.

The Rule 26(f) Report filed by the parties on December 28, 2012, at section IV under the heading Case Progression, stated:

> "The parties wish to resolve whether or not the named Plaintiff has any claims that could survive a motion for summary judgment before in engaging in expensive class action discovery. Resolution of Defendant's Motion for Summary Judgment may end this dispute and obviate the need for any class-based discovery or class certification briefing. The parties would like to establish a schedule for merits-based discovery relating only to the named Plaintiffs individual claims concerning the $27.95 IRS validation

> charge and an early dispositive motion by Defendants, and then if necessary after the Court rules on that dispositive Motion, <u>to establish a later schedule for class-based discovery, class certification motion practice and trial</u>." (emphasis added)

The Court entered a case progression order on December 28, 2012, to accommodate the parties' stipulated bifurcated discovery setting forth deadlines for the filing of dispositive motions. In accordance with the schedules set out by the Court, the parties filed cross motions for summary judgment on November 14, 2013. The Court denied them almost eight (8) months later on June 6, 2014, finding genuine issues of fact remain.

A telephonic case management conference was then set for hearing before Magistrate Judge Gossett on June 20, 2014. At that hearing, the parties requested sufficient time to engage in mediation. Therefore the Court scheduled the next planning conference for October 17, 2014. The parties engaged in mediation in Omaha, Nebraska, on September 10, 2014. However, the mediation did not result in settlement of the case.

### II. Harbortouch Has Consulted with Plaintiff's Counsel Regarding the Amended Answer

Prior to the telephonic case management conference on October 17, 2014, counsel for Harbortouch advised Plaintiff's counsel of its intent to seek leave to amend its answer to clarify its class certification defenses. Plaintiff's counsel requested an opportunity to review the proposed amendment.

In the October 17, 2014 telephonic case management conference before Magistrate Judge Gossett, the parties agreed to engage in written class certification discovery and depositions and requested sufficient time to engage in that discovery prior to setting the schedule for class certification briefing and for trial. Accordingly, the Court set the next case management conference for January 22, 2015.

A redlined copy of the proposed Amended Answer attached hereto as Exhibit "A", was provided to Plaintiff's counsel on November 5, 2014. In an email dated November 10, 2014, Plaintiff's counsel stated that Plaintiff would oppose the proposed amendment.

### III. Class Certification Discovery Has Just Begun and There Is No Prejudice to the Plaintiff

Under Rule 15, after the time for amending a pleading as a matter of course expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Courts are directed to "freely give leave when justice so requires." *Id.* The proposed amendments to the Defendant's Answer relate primarily to class certification defenses and would cause Plaintiff no prejudice as class certification discovery has barely begun, and no dates have been set that might be affected by this amendment. See *Amlin Corporate Ins. N.V. v. Union Pacific R.R. Co.,* 2001 WL 250420 (D. Neb. 2001) ("As nothing in the facts of this case shows undue delay, bad faith or dilatory motive on behalf of defendant or indicated that plaintiff will be unduly prejudiced, the Court will allow the amendment."); *Raymond International v. Bookcliff Const. Inc.,* 347 F. Supp. 208, 211 (D. Neb. 1972) (amendment of answer permitted after all discovery was complete due to lack of prejudice to plaintiff).

Plaintiff has only recently served his class certification on October 29, 2014 consisting of: Request for Admissions, Request for Production of Documents, and Interrogatories, to Harbortouch relating to the issue of class certification. The next Case Management Conference is set for January 22, 2015. There currently is no date set for class certification briefing or a hearing on Plaintiff's Motion for Class Certification nor has a trial date been set.

### IV. The Proposed Amendments Clarify Existing Defenses to Class Certification[1]

Paragraph two of the affirmative defenses contains proposed amendment which merely states with more particularity the previously alleged class certification denials and defenses.

Paragraph three of the affirmative defenses is amended to specifically refer to Plaintiff's contract with Harbortouch, made the subject of this action. It reflects Defendant's contention that membership in the Plaintiff's putative class is limited to those merchants who have the same Nebraska Forum Selection clause as Plaintiff has in his Agreement with Harbortouch,

---

[1] One of the proposed amendments is unrelated to class certification issues as it reflects the change of United Bank Card, Inc. d/b/a Harbortouch to Harbortouch Payments, LLC.

3

which is the 2006 version of the Terms and Conditions ("2006 Agreement") referenced as exhibit "C" to Plaintiff's Amended Complaint.  There is a 2009 version of the Terms and Conditions ("2009 Agreement) to which Plaintiff is not a party, that contains a different Forum Selection clause which requires that merchants bring suit in the state of New Jersey.  Plaintiff is well aware of 2009 Agreement as it was produced in discovery by Harbortouch and Plaintiff has specifically referred to it in page 5 in Plaintiff's Brief in Support of Motion for Summary Judgment at footnote number 3.  (See Filing No. 102)  The 2009 Agreement was also attached as part of Plaintiff's Evidence Index as exhibit number 3 bearing document number UBC65-144.  (See Filing No. 104)  Plaintiff can hardly claim that he has been surprised by the existence of the 2009 Agreement since he referred to that version of agreement in support of his motion for summary judgment more than a year ago.

Paragraph four of the affirmative defenses contains a proposed amendment which specifically identifies the settlement class of merchants who are parties to the 2009 Agreement which has the New Jersey Forum Selection clause in their agreement with Harbortouch.  In the action captioned *Roma Pizzeria v. Harbortouch f/k/a United Bank Card,* Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. HNT-L-637-12, merchants who were parties to the 2009 Agreement reached a settlement with Harbortouch regarding the assessment of merchant fees.  Only recently has the settlement of the Roma Pizzeria class received preliminary approval from the court.  On September 24, 2014, the Superior Court of New Jersey, Law Division, Hunterdon County entered its Order granting preliminary approval of the proposed settlement and directing notice to the class and setting a fairness hearing in that action.  Because the Roma Pizzeria settlement class limits the membership in the Plaintiff's putative class by excluding merchants who were parties to the 2009 Agreement containing the New Jersey Forum Selection clause, Harbortouch now seeks to include the existence of that action as a defense to Plaintiff's putative class action.

5

Although the contractual limitation of action was previously included in Harbortouch's original Answer, Section 13 of the affirmative defenses in the proposed amended answer identifies by contract section number the one-year contractual limitation.

Finally, paragraphs 18, 19, and 20 relate to issues pertaining to the relationship between Plaintiff, and the putative class and Harbortouch and the fact that Plaintiff's class action allegations relate to the 2009 Agreement to which he was not a party.

WHEREFORE, the reasons stated above, Harbortouch respectfully requests the Court grant it leave to file its Amended Answer.

DATED this 17th day of November, 2014.

HARBORTOUCH PAYMENTS, LLC Defendant

By: /s/ J. Scott Paul
J. Scott Paul #16635
Michaela A. Smith #22737
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 fax
spaul@mcgrathnorth.com
msmith@mcgrathnorth.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on November 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notice to the following:

| | |
|---|---|
| Gary R. Pearson<br>221 S. 66th Street<br>Lincoln, NE 68510<br><u>pearsonlaw@neb.rr.com</u><br><br>Joel J. Ewusiak<br>Ewusiak Law, P.A.<br>100 Main Street, Suite 205<br>Safety Harbor, FL 34695<br><u>joel@ewusiaklaw.com</u> | Chris Roberts<br>Chris Roberts Law Firm, P.A.<br>303 Main Street, #654<br>Safety Harbor, FL 34695<br><u>chris@erlitigators.com</u><br><br>Scott E. Schutzman<br>Law Offices of Scott E. Schutzman<br>3700 S. Susan Street, Suite 120<br>Santa Ana, CA 92704<br><u>schutzy@msn.com</u> |

                                                            */s/ J. Scott Paul*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMADOR L. CORONA, ATTORNEY AT LAW, individually and on behalf of all other similarly situated persons,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED BANK CARD, INC., and FIRST NATIONAL BANK OF OMAHA, a nationally chartered bank,<br><br>　　　　Defendants. | Case No. No. 8:12-cv-00089<br><br><br><br><br><br>**AMENDED ANSWER OF DEFENDANT HARBORTOUCH, INC.**<br>**(UNITED BANK CARD, INC.)** |

COMES NOW Defendant Harbortouch, Inc. f/k/a United Bank Card, Inc. ("UBC") and for its Answer to the Plaintiff's First Amended Complaint ("Complaint") states and alleges as follows:

## INTRODUCTION

1. The allegations of paragraph 1 of the Complaint are denied.

2. UBC admits that it assessed fees associated with IRS reporting requirements. The remaining allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 of the Complaint are denied.

4. The allegations of paragraph 4 of the Complaint are denied.

## JURISDICTION AND VENUE

5. UBC admits that this Court has jurisdiction over the named parties and that venue is correct in this district. The remaining allegations of paragraph 5 are denied.


EXHIBIT A

## THE PARTIES

6. UBC is without sufficient information with which to admit or deny the allegations of paragraph 6 and it is therefore denied.

7. UBC admits that First National Bank of Omaha is Nebraska corporation. UBC is without sufficient information with which to admit or deny the remaining allegations of paragraph 7.

8. UBC is without sufficient information with which to admit or deny the allegations of paragraph 8 and it is therefore denied.

9. UBC admits that it is a corporation organized and existing pursuant to the laws of the state of New Jersey, with its principal place of business in Allentown, Pennsylvania, and that it is a merchant service provider for payment processing transactions. The remaining allegations of paragraph 9 are denied.

10. UBC admits that it has contractual relationships with credit card companies and banks, but denies the remaining allegations of paragraph 10.

## GENERAL ALLEGATIONS

11. Paragraph 11 of the Complaint states a legal conclusion for which no answer is necessary to the extent an answer is required, the allegations are denied. To the extent any factual matter is alleged, Section 6050W will speak for itself.

12. Paragraph 12 of the Complaint states a legal conclusion for which no answer is necessary to the extent an answer is required, the allegations are denied. Section 6050W will speak for itself.

13. The terms of Exhibit A will speak for themselves. The remaining allegations of paragraph 13 of the Complaint are denied.

14. The terms of Exhibit B will speak for themselves. The remaining allegations of paragraph 14 of the Complaint are denied.

15. The allegations of paragraph 15 of the Complaint are denied.

16. The allegations of paragraph 16 of the Complaint are denied.

17. Section IRC 6045 will speak for itself. The allegations of paragraph 17 of the Complaint are denied.

18. The allegations of paragraph 18 of the Complaint are denied.

19. The allegations of paragraph 19 of the Complaint are denied.

20. The allegations of paragraph 20 of the Complaint are denied.

### **CLASS REPRESENTATION ALLEGATIONS**

21. The allegations of paragraph 21 of the Complaint are denied.

22. The allegations of paragraph 22 of the Complaint are denied.

23. The allegations of paragraph 23 of the Complaint are denied.

24. The allegations of paragraph 24 of the Complaint are denied.

25. The allegations of paragraph 25 of the Complaint are denied.

26. The allegations of paragraph 26 of the Complaint are denied.

27. The allegations of paragraph 27 of the Complaint are denied including its subparts.

28. The allegations of paragraph 28 of the Complaint are denied.

29. The allegations of paragraph 29 of the Complaint are denied.

## COUNT I

## BREACH OF CONTRACT

30. UBC incorporates paragraphs 1 through 29 of its Answer by reference as if fully set forth herein.

31. UBC admits that Plaintiff, UBC, and First National Bank of Omaha were listed as signatories to the account applications completed by the Plaintiff. The allegation is vague as to the identity of the contract, and the allegations of paragraph 31 are denied on that basis.

32. The allegations of paragraph 32 of the Complaint are denied.

33. The allegations of paragraph 33 of the Complaint are denied.

34. The allegations of paragraph 34 of the Complaint are denied.

35. The allegations of paragraph 35 of the Complaint are denied.

## COUNT II

## UNJUST ENRICHMENT

36. UBC incorporates paragraphs 1 through 35 of its Answer by reference as if fully set forth herein.

37. The allegations of paragraph 37 of the Complaint are denied.

38. The allegations of paragraph 38 of the Complaint are denied.

## COUNT III

## DECLARATORY RELIEF

39. UBC incorporates paragraphs 1 through 38 of its Answer by reference as if fully set forth herein.

40. The allegations of paragraph 40 of the Complaint are denied.

41. The allegations of paragraph 41 of the Complaint are denied.

42. The allegations of paragraph 42 of the Complaint are denied.

43. UBC denies any allegations of the Complaint not previously denied herein except those that constitute admissions against the Plaintiff's interests.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The allegations of the Complaint and Plaintiff's attempted proof are insufficient to warrant certification of any class for the reason that Plaintiff is not able to satisfy any of the requirements of Fed. R. Civ. P. 23. In particular, and not by way of limitation, Plaintiff is unable to satisfy the class certification requirements of Rule 23 because the Plaintiff's claims are not typical of the putative class. Plaintiff's claims lack commonality and Plaintiff is not an adequate class representative. In addition the Plaintiff's class action claims do not predominate over the individual issues that will require trial based on the unique circumstances of each putative class member and certification of Plaintiff's claims is not a superior method to adjudicate Plaintiff's claims over other available methods.

3. The scope of the Plaintiff's putative class is limited by the forum selection clause in Section 13.2 of the Terms and Conditions of the Agreement attached to the Plaintiff's Complaint and as amended by Section 29 of the Addendum to the Terms and Conditions.

4. The claims of certain merchants in the putative class who had a New Jersey forum selection cause in their agreement with United Bank Card (Harbortouch) are barred by collateral estoppel, res judicata, release and accord and satisfaction as a result of the settlement reached by Harbortouch in *Roma Pizzeria v. Harbortouch f/k/a*

5

<u>United Bank Card, Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. HNT-L-637-12.</u>

5.   ~~3.~~ Recovery on the Plaintiff's Complaint is barred for the reason that the publication referenced in paragraph 16 of the Complaint allegedly relating to compliance with Section 6050W is not, and has never been, the official policy of the Internal Revenue service nor does it now or has it ever served as "IRS guidance" such that any deference should be given to it by the Court.

6.   ~~4.~~ Recovery on the Plaintiff's Complaint is barred for the reason that the Agreement with the Plaintiff allows fees to be assessed, including but not limited to an IRS validation fee, against the Plaintiff as evidenced by, ~~for example,~~ <u>Sections of the Terms and Conditions which include, but are not necessarily limited to:</u> Sections 3.1, 3.4, 3.5, 7.6, 13.8 and ~~13.11 of Terms and Conditions attached to the Complaint.~~<u>13.11.</u>

7.   ~~5.~~ Recovery of consequential damages by the Plaintiff is barred for the reason that such damages were not reasonably foreseeable by the parties at the time of contracting.

8.   ~~6.~~ Recovery on Plaintiff's unjust enrichment claim is barred by the existence of a contract between the parties.

9.   ~~7.~~ Defendants have not been enriched as a result of any acts or omissions made the subject of the Complaint, and assuming arguendo that UBC had been "enriched", any such enrichment has not been "unjust".

10.   ~~8.~~ Recovery on the Plaintiff's Complaint is barred for the reason that the Plaintiff has waived any claim it may have had.

11.   ~~9.~~ Plaintiff is estopped to recover any of the relief sought in the Complaint.

12.  ~~10.~~ Recovery on the Plaintiff's Complaint is barred by his status as a merchant.

13.  ~~11.~~ Recovery is barred by the applicable statute of limitations and the <u>one year</u> limitations period set forth in <u>Section 13.2 of the Terms and Conditions of</u> the contract between the parties <u>as amended by Section 29 of the Addendum to the Terms and Conditions</u>.

14.  ~~12.~~ Recovery is barred because the Plaintiff consented to the assessment of fees that he now seeks to challenge.

15.  ~~13.~~ Recovery is barred by the limitation of liability provisions in Section 10.1 of the Terms and Conditions.

16.  ~~14.~~ Recovery is barred for the reason that UBC's calculation and assessment of the IRS validation fee was commercially reasonable and consistent with industry practices.

17.  ~~15.~~ These affirmative defenses are raised by UBC without waiver of any other defenses that may come to light in discovery. UBC reserves its right to amend to assert such additional affirmative defenses.

18.  <u>Recovery is barred on the Plaintiff's Complaint bases on a course of dealing between Harbortouch and its merchants, including the Plaintiff.</u>

WHEREFORE, UBC requests that the Plaintiff's Complaint be dismissed with prejudice and that it recover its taxable court costs herein expended together with such other and further relief as the Court may deem just and equitable.

DATED this ~~16th~~ _____ day of ~~April, 2013.~~ _____, 2014.

HARBORTOUCH, INC., Defendant

By: /s/ J. Scott Paul
J. Scott Paul #16635
Lauren R. Goodman #24645
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 fax
spaul@mcgrathnorth.com
lgoodman@mcgrathnorth.com

CERTIFICATE OF SERVICE

I hereby certify that on ~~April 16, 2013,~~ _____, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notice to the following:

Mark C. Laughlin
Elizabeth A. Culhane
Fraser Stryker PC LLO
409 S. 17th Street
Omaha, NE 68102
mlaughlin@fraserstryker.com
eculhane@fraserstryker.com

Gary R. Pearson
221 S. 66th Street
Lincoln, NE 68510
pearsonlaw@neb.rr.com

Joel J. Ewusiak
Christopher Roberts
Ewusiak & Roberts
101 Main Street, Suite D
Safety Harbor, FL 34695
joel@erlitigators.com
chris@erlitigators.com

Scott E. Schutzman
Law Offices of Scott E. Schutzman
3700 S. Susan Street, Suite 120
Santa Ana, CA 92704
schutzy@msn.com

/s/ J. Scott Paul

8