IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMADOR L. CORONA, Attorney at Law, individually and on behalf of all other similarly situated persons,<br><br>      Plaintiff,<br><br>V.<br><br>UNITED BANK CARD, INC., a corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 8:12CV89<br><br><br><br>ORDER |

  This matter is before the Court on Defendant Harbortouch Payments, LLC's ("Defendant") Motion for Leave to File Amended Answer (filing 150). For the reasons explained below, Defendant's motion will be granted.

### BACKGROUND

  This putative class action suit was filed in this Court on March 5, 2012. (Filing 1.) Generally, the complaint alleges that merchants, such as Plaintiff, were unlawfully assessed "IRS Processing Validation Charges." (*Id*.) Among other things, the complaint alleges that Defendant breached its contracts with the merchants by assessing these charges. (*Id*.)

  The parties submitted a Rule 26(f) report on December 28, 2012 (filing 50), which stated, in part:

> The parties wish to resolve whether or not the named Plaintiff has any claims that could survive a motion for summary judgment before engaging in expensive class action discovery. Resolution of Defendants' Motion for Summary Judgment may end this dispute and obviate the need for any class-based discovery or class certification briefing. The parties would like to establish a schedule for merits-based discovery relating only to the Named Plaintiff's individual claims concerning the $27.95 IRS validation charge and

> an early dispositive motion by Defendants and then, if necessary after the Court rules on that dispositive motion, establish a later schedule for class-based discovery, class certification motion practice and trial.

(*Id*.)  The Court entered an initial progression order (filing 51) on December 28, 2012, incorporating the parties' agreements as set forth in the Rule 26(f) report.  The parties filed cross-motions for summary judgment on November 14, 2013, which were denied on June 6, 2014.  (Filing 130.)

Thereafter, on June 20, 2014, the undersigned held a planning conference with counsel.  At the hearing, counsel requested sufficient time to engage in mediation.  The parties participated in an unsuccessful mediation on September 10, 2014.  At a second planning conference with the undersigned held on October 17, 2014, counsel agreed to engage in written class certification discovery and depositions, and requested time to engage in that discovery prior to setting the schedule for class certification briefing and trial. Accommodating this request, the Court set another planning conference for January 22, 2015.

## DISCUSSION

Defendant claims that it wants to amend its answer simply to clarify defenses pertaining to class certification.  Among other things, Defendant wants to add the following assertions to its answer:

> The scope of the Plaintiff's putative class is limited by the forum selection clause in Section 13.2 of the Terms and Conditions of the Agreement attached to the Plaintiff's Complaint and as amended by Section 29 of the Addendum to the Terms and Conditions.
>
> The claims of certain merchants in the putative class who had a New Jersey forum selection clause in their agreement with [Defendant] are barred by collateral estoppel, res judicata, release and accord and satisfaction as a result of the settlement reached by [Defendant] in *Roma Pizzeria v. Harbortouch f/k/a/ United Bank Card*, Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. HNT-L-637-12.

(Filing 150.)  Defendant maintains that it seeks leave to assert the defenses of collateral

estoppel, res judicata, release, and accord and satisfaction to prevent certain merchants from being eligible for a double recovery. These merchants include those who signed a version of the contract containing a New Jersey forum selection clause, as opposed to the version signed by Plaintiff which contains a Nebraska forum selection clause. According to Defendant, those merchants with agreements containing the New Jersey forum selection clause resolved their claims through the settlement of the *Roma Pizzeria* action. Essentially, through its proposed amendment, Defendant seeks to reduce the size of Plaintiff's proposed class.

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).

Having reviewed the matter, the Court will grant Defendant leave to amend its answer. Through its amendment, Defendant is attempting to make clear its contention that any merchant having a contract with a New Jersey forum selection clause is not part of Plaintiff's proposed class and is bound by the terms of a recent settlement reached in a New Jersey lawsuit involving similar issues. The New Jersey settlement was given preliminary approval on or about September 24, 2014. Defendant notified Plaintiff of its desire to amend its answer on or about October 17, 2014, and Plaintiff was provided a copy of Defendant's proposed answer on November 5, 2014. Defendant filed its motion to amend on November 17, 2014. Granting Defendant leave to amend at this time would not prejudice Plaintiff because, in accordance with the parties' agreement, the class certification phase of discovery has just begun and no dates, including a trial date, have been set that might be affected by the proposed amendment. Therefore, in the interest of justice, and for good cause shown,

**IT IS ORDERED** that Defendant's Motion for Leave to File Amended Answer (filing 150) is granted. Defendant shall file its amended answer by January 23, 2015.

**DATED January 21, 2015.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**