IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMADOR L. CORONA, Attorney at Law, individually and on behalf of all other similarly situated persons, | CASE NO. 8:12CV89 |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| UNITED BANK CARD, INC., a corporation, | |
| Defendant. | |

This matter is before the Court on the Statement of Objections to Magistrate Judge's Order (Filing No. 174) in which Plaintiff Amador L. Corona ("Corona") objects to the Order of Magistrate Judge F.A. Gossett (Filing No. 169) permitting Defendant United Bank Card, Inc. ("UBC") to amend its Answer. The Court has considered the parties' arguments and evidentiary submissions, including those submitted prior to the entry of Judge Gossett's Order, and concludes that Corona's objections should be denied.

Under Fed. R. Civ. P. 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Corona argues that Judge Gossett should not have permitted UBC to amend its Answer to assert that the scope of Corona's putative class is limited by the forum selection clause in the agreement attached to Corona's Complaint, and to assert that the claims of certain merchants who had a New Jersey forum selection clause in their agreement with UBC are barred by collateral estoppel, res judicata, release, and accord and satisfaction as the result of a settlement. Corona contends that UBC's newly raised defense was

waived when not asserted by UBC in its initial Answer, and now subjects Corona to unfair surprise. Corona also suggests that the new defense is frivolous, presented in bad faith, motivated by UBC's desire to delay the proceedings, and ultimately will be futile.

Following an independent review of the parties' arguments and evidentiary submissions, this Court agrees with Judge Gossett's conclusion that UBC's Amended Answer was not submitted in bad faith, will not create undue prejudice to Corona nor unduly delay the proceedings, and is not futile. The Court is not persuaded by Corona's argument that UBC's newly raised defense affects venue and is now waived because it was not asserted in UBC's first responsive pleading.

Having determined that Judge Gossett's Order is neither clearly erroneous nor contrary to law, the Court will also deny UBC's Motion to Strike Plaintiff's Supplemental Evidence Index, Affidavit, and Brief (Filing No. 175) and Corona's belated Motion for Leave to File Supplements to His Prior Submissions (Filing No. 180) as moot.[1]

Accordingly,

IT IS ORDERED:

1. Plaintiff Amador L. Corona's Statement of Objections to Magistrate Judge's Order (Filing No. 174) is denied;

2. Harbortouch Payments, LLC's (formerly United Bank Card, Inc. d/b/a Harbortouch) Motion to Strike Plaintiff's Supplemental Evidence Index,

---

[1] Twenty-eight days after UBC's reply brief was filed in support of its Motion for Leave to File Amended Answer, Corona filed a supplementary Index (Filing No. 166), Affidavit (Filing No. 167) and Brief (Filing No. 168) in opposition to UBC's Motion. Corona did not seek leave of court to file such supplementary materials, as required by NECivR 7.1(c).

2

   Affidavit, and Brief in Opposition to Defendant's Motion to Amend its Answer (Filing No. 175) is denied as moot; and

3. Plaintiff's Motion for Leave to File Supplements to His Prior Submissions in Opposition to Defendant United Bank Card, Inc.'s Motion to Amend (Filing No. 180) is denied as moot.

DATED this 25th day of February, 2015.

            BY THE COURT:

            s/Laurie Smith Camp
            Chief United States District Judge