IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMADOR L. CORONA, Attorney at Law, individually and on behalf of all other similarly situated persons,<br><br>     Plaintiff,<br><br>V.<br><br>UNITED BANK CARD, INC., a corporation,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 8:12CV89<br><br><br>FINDINGS AND<br>RECOMMENDATION |

  This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and for Conditional Certification of Settlement Class (filing 190). For the reasons set forth below, the undersigned will recommend that the Motion be granted.

## BACKGROUND

  This case was removed from state court on March 5, 2012. (Filing 1.) Plaintiff filed an Amended Class-Action Complaint on March 21, 2013. (Filing 63.) Plaintiff's Amended Complaint generally alleges that merchants, such as Plaintiff, were unlawfully assessed "IRS Processing Validation Charges." (*Id*.) The Complaint asserts that Defendant Harbortouch Payments, LLC (formerly United Bank Card, Inc.) breached its contracts with merchants and was unjustly enriched by assessing and collecting these charges. (*Id*.)

  The parties have reached a settlement. The National Class Action Settlement Agreement and Release ("Agreement") defines the proposed class as follows:

> [A]ll Persons within the United States that are or were Harbortouch Merchants, and that paid Harbortouch an IRS Processing Validation Fee and did not receive a full refund, provided that the Person submitted a Merchant

Application to Harbortouch prior to February 1, 2009.[1]

([Filing 192-1](#).) The Agreement establishes a total settlement benefit amount valued at $688,000, which, according to Plaintiff, is approximately half of the net total of the IRS fees collected by Harbortouch from class members. The Agreement entitles Harbortouch's existing merchants to receive a credit for equipment needed by the merchants to use Harbortouch's credit card transaction services. The Agreement also entitles former merchants to receive the same equipment credit or, alternatively, a cash payment. Under the Agreement, Plaintiff will request a service award of $5,000 and class counsel will request attorneys' fees and expenses of $215,000. The payment of the service award, and attorney fees and costs, will not reduce the value of the total benefits available to class members. Harbortouch has agreed to pay the costs of class action administration.

Plaintiff now seeks an order (1) certifying the class for purposes of settlement; (2) preliminarily approving the terms of the settlement agreement; (3) approving the parties' proposed form and method for giving notice of settlement to the proposed class; (4) directing that the notice be given to proposed class members; and (5) scheduling a final settlement hearing. Harbortouch does not oppose the Motion.

---

[1] Excluded from the class are:

(a) Persons that received a full refund of IRS Processing Validation Fees paid;

(b) Persons that believed, before signing the Merchant Application, that First National Bank of Omaha or Harbortouch had a right under the contract to unilaterally amend or modify contractual terms that would permit the assessment of the IRS fees, after providing 30 days' written notice;

(c) Harbortouch and its employees, officers, directors, and all persons with a controlling interest, and Harbortouch's legal representatives, predecessors, successors and assigns; and

(d) Persons that submitted a valid and timely request for exclusion from the Settlement Class.

([Filing 192-1](#).)

**DISCUSSION**

Plaintiff seeks class-certification for purposes of settlement. Under the Federal Rules of Civil Procedure, one or more members of a class may sue or be sued as representative parties on behalf of all members if (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation"). Fed. R. Civ. P. 23.

In assessing whether the numerosity component is satisfied, a number of factors are relevant, including the number of persons in the proposed class, the nature of the action, the size of the individual claims, and the inconvenience of trying individual suits. *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982). "The commonality requirement is satisfied if the claims of the class depend upon a common contention whose truth or falsity will resolve an issue that is central to the validity of each class member's claims." *Henggeler v. Brumbaugh & Quandahl P.C., LLO*, No. 8:11CV334, 2013 WL 5881422, *2 (D. Neb. Oct. 25, 2013) (internal quotations omitted). The typicality requirement is met if there are "other members of the class who have the same or similar grievances as the plaintiff." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quotation omitted). The adequacy of representation element concerns "whether the class representatives have common interests with the members of the class and whether they and their counsel will competently and vigorously pursue the lawsuit." *Henggeler*, 2013 WL 5881422 at *3.

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Fed. R. Civ. P. 23(b). Rule 23(b)(3) provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23.

The undersigned preliminarily finds, for purposes of settlement only, that the

requirements of Rule 23 have been met and that the proposed class should be certified. The proposed class consists of approximately 21,658 separate merchant accounts. Given this number, it would be impracticable to try each case separately. Also, the primary legal and factual issues surrounding Defendant's alleged course of conduct is common for all class members. Class members would have similar grievances as the named Plaintiff and class members' claims would likely be based on the same legal theories. Finally, the adequacy of representation requirement has been met because there is no conflict of interest between Plaintiff and the class members. Plaintiff's common interests with the members of the class ensure that the class will be fairly and adequately protected and counsel has considerable experience in class-action litigation.

The Rule 23(b)(3) requirements are likewise satisfied. Common questions predominate over any questions affecting only individual members. Also, certifying the class for settlement purposes will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (internal quotation omitted). A class action is superior to other methods of fairly adjudicating the controversy.

Further, the undersigned finds that the proposed form and manner of notice should be approved as it satisfies Fed. R. Civ. P. 23 and provides the best notice that is practicable under the circumstances. Fed. R. Civ. P. 23.

Plaintiff also seeks an order preliminarily approving the terms of the parties' settlement agreement. "In considering preliminary approval of a proposed settlement in a class action case, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice." *Smith v. Gurstel Chargo, PA*, No. 8:14CV183, 2014 WL 6453772, *3 (D. Neb. Nov. 17, 2014). The undersigned has reviewed the Proposed Settlement Agreement and preliminarily finds that the terms of the Agreement are within the range of possible approval. It appears that the Agreement's terms are fundamentally fair, reasonable, adequate and in the best interest of the class members. In light of the complexity of this litigation, as well as the expense and likely duration of further litigation, the settlement provides significant benefits to class members. Plaintiff has shown that the settlement is the result of arms-length

negotiations and that counsel for all parties have considerable experience in class action litigation.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Judge Laurie Smith Camp that:

1. Plaintiff's Motion for Preliminary Approval of Class Action Settlement and for Conditional Certification of Settlement Class (filing 190) be granted;

2. The Proposed Order Granting Preliminary Approval of Proposed Settlement, Directing Notice to Class, and Setting Fairness Hearing (filing 192-3) be approved, and that Joel Ewusiak, Gary Pearson, Christopher Roberts, and Scott Schutzman be appointed as class counsel; and

3. The Court schedule a final hearing to determine whether the proposed settlement is fair, reasonable, and adequate.[2]

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**DATED August 24, 2015.**

                                            **BY THE COURT:**

                                            **S/ F.A. Gossett**
                                            **United States Magistrate Judge**

---

[2] Plaintiff requests that the final settlement hearing be held 135 days or more from entry of the Preliminary Approval Order.