IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMADOR L. CORONA, Attorney at Law, individually and on behalf of all other similarly situated persons;<br><br>Plaintiff,<br><br>vs.<br><br>UNITED BANK CARD, INC., a corporation;<br><br>Defendant. | 8:12CV89<br><br>ORDER GRANTING PRELIMINARY APPROVAL PROPOSED SETTLEMENT |

This matter is before the Court on the Motion for Preliminary Approval of Class Action Settlement and for Conditional Certification of Settlement Class (Filing No. 190) filed by the Plaintiff, and the Findings and Recommendation (Filing No. 194) issued by Magistrate Judge F.A. Gossett. Defendant has indicated that it does not object to the Findings and Recommendation. (Filing No. 195.) The parties to this action, Plaintiff, Amador L. Corona and Defendant, Harbortouch Payments, LLC (formerly United Bank Card, Inc. d/b/a Harbortouch), through their respective counsel, have entered into a National Class Action Settlement and Release dated July 21, 2015 ("Agreement"), and subject to Court approval and following Notice to the Class Members and a Fairness Hearing, the parties have agreed to settle this above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Agreement and dismiss the Lawsuit with prejudice. The Court incorporates by reference the definitions set forth in the Agreement. Based upon the Agreement, the record, and proceedings in this case, and the Court deeming that the definitions set forth in the Agreement:

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 194) issued by Magistrate Judge F.A. Gossett are adopted in their entirety.

2. The Motion for Preliminary Approval of Class Action Settlement and for Conditional Certification of Settlement Class (Filing No. 190) is granted, as follows:

3. The Court has jurisdiction over the subject matter of this action, Plaintiff, Amador L. Corona ("Plaintiff"), Defendant, Harbortouch Payments, LLC (formerly United Bank Card, Inc. d/b/a Harbortouch) ("Harbortouch"), all members of the Settlement Class, and all Released Parties.

4. Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified as a class action, for settlement purposes only, on behalf of the following Settlement Class with respect to the claims asserted in the Lawsuit:

> All Persons within the United States that are or were Harbortouch Merchants, and that paid Harbortouch an IRS Processing Validation Fee and did not receive a full refund, provided that the Person submitted a Merchant Application to Harbortouch prior to February 1, 2009.

Excluded from the Settlement Class are:

a. Persons that received a full refund of IRS Processing Fees paid;

b. Persons that believed, before signing the Merchant Application, that First National Bank of Omaha or Harbortouch had a right under the contract to unilaterally amend or modify contractual terms that would permit the assessment of the IRS Processing Validation Fees, after providing 30 days' written notice;

2

    c.      Harbortouch and its employees, officers, directors, and all persons with a controlling interest, and Harbortouch's legal representatives, predecessors, successors and assigns; and

    d.      Persons that submitted a valid and timely request for exclusion from the Settlement Class.

5.      Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, for settlement purposes only, Plaintiff, Amador L. Corona as the Class Representative and Joel Ewusiak, Ewusiak Law, P.A., 100 Main Street, Suite 205, Safety Harbor, FL 34695, Gary R. Pearson, 221 S. 66th Street, Lincoln, NE 68510, Christopher Roberts, Chris Roberts Law Firm, P.A., 303 Main Street #654, Safety Harbor, FL 34695, and Scott E. Schutzman, Law Offices of Scott E. Schutzman, 3700 S. Susan Street, Suite 120, Santa Ana, CA 92704 as Class Counsel.

6.      For settlement purposes only, the Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    a.      The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b.      There are questions of law and fact common to the Settlement Class Members which predominate over individual questions;

    c.      The claims of the Plaintiff, Amador L. Corona are typical of the claims of the Settlement Class Members;

    d.      The Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

    e.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7.      The Court has conducted a preliminary evaluation of the fairness, reasonableness, and adequacy of the proposed settlement set forth in the Agreement. The Court finds that the settlement appears to be the product of serious and informed arm's-length negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to Plaintiff or any Settlement Class Members; is fundamentally fair, reasonable, adequate and in the best interests of the Settlement Class Members; and falls within the range of reasonableness meriting possible final approval. The Court therefore grants preliminary approval of the Agreement and settlement, subject to further consideration at the Fairness Hearing described below.

8.      The Court approves the appointment of Angeion Group as Settlement Administrator.

9.      The Court approves the proposed Notice in the form attached to the Plaintiff's Motion to Certify Class as Exhibit 2 (Filing No. 192-2). The Court finds that the form and substance of the proposed Notice and method for notifying the Settlement Class Members of the Settlement and its terms and conditions satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable

under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to the Notice. The Court finds that the proposed Notice is clearly designed to advise the Settlement Class Members of their rights.

10. The Court approves the proposed Claim Form substantially in the form attached to the Plaintiff's Motion to Certify Class as Exhibit 4 (Filing No. 192-4).

11. In accordance with the Agreement, within 75 days after receiving notice of the entry of this Order, Settlement Administrator will distribute the Notice by U.S. mail directed to all Settlement Class Members at their most recent addresses on Defendant's billing records.

12. Within 120 days after receiving notice of the entry of this Order, Settlement Administrator will provide supplemental notice to Former Merchants by publishing a Summary Notice in The Wall Street Journal and Small Business Opportunities.

13. Settlement Administrator will make a toll-free telephone number available to receive and respond to questions from Settlement Class Members on the first day notice is sent and will keep it accessible until the Final Approval Order and Judgment is entered or the Court enters an order denying approval. Settlement Administrator will mail the Complaint, Notice, Agreement, or this Order at no charge to any Settlement Class Member that requests one of those documents during this time.

14. At or before the Fairness Hearing, the Parties must file proof that the Notice or a Summary Notice was mailed and published, and that the required toll-free telephone number was made available to Settlement Class Members as this Order requires.

15. Harbortouch shall pay all costs and expenses of Notice and distribution of benefits set forth in the Agreement.

16. Settlement Class Members will be bound by all determinations and judgments in this action, whether favorable or unfavorable. To request exclusion from the Settlement Class and not be so bound, a Settlement Class Member must mail or otherwise deliver a written exclusion request to the address designated for exclusion requests in the Notice, postmarked no later than Thursday, December 24, 2015, or, if not sent by U.S. mail, received no later than that date. The exclusion request must state (a) the Settlement Class Member's Merchant name and address; (b) the individual's name and position with the Merchant; (c) a statement that the Settlement Class Member wishes to be excluded from the Settlement Class; and (d) a statement that the individual is authorized by the Settlement Class Member to make the request. The request for exclusion will not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Any Class Member may enter an appearance through an attorney if so desired.

17. Any Settlement Class Members who intend to object to the fairness of this settlement must file a written objection with the Court, at the office of the Clerk of the United States District Court for the District of Nebraska, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, Nebraska 68102, and provide a copy of the written objection to Class Counsel and Counsel for Harbortouch as follows:

| Class Counsel: | Harbortouch's Counsel: |
|---|---|
| Joel Ewusiak | J. Scott Paul |
| Ewusiak Law, P.A. | McGrath North Mullin & Kratz, |
| 100 Main Street, Suite 205 | PC LLO |
| Safety Harbor, FL 34695 | First National Tower |
| | Suite 3700 |
| | 1601 Dodge Street |
| | Omaha, NE 68102 |

All such written objections must be sent so they are received by the Court, Class Counsel, and Counsel for Harbortouch no later than Thursday, December 24, 2015, 2015. The objections must (a) state the name and case number of this Litigation; (b) give the Settlement Class Member's merchant name, address, telephone number and the individual's position with the Merchant; (c) be signed by the Settlement Class Member; (d) state the Settlement Class Member's objections and the reasons for those objections; and include copies of any documents the Settlement Class Member wishes the Court to consider. The Court will not consider comments from non-Settlement Class Members, including persons who have excluded themselves from the Class.

18.  Settlement Class Members who submit written objections in accordance with the procedure set forth above, and who wish to be heard orally with respect to approval of the settlement or the fee application, must provide written notice of their intention to appear at the Fairness Hearing. This notice must be included with or contained in the Settlement Class Member's written objections, and state the position the Settlement Class Member intends to present at the Fairness Hearing. Unless otherwise permitted by further order of the Court, to perfect an appeal from any provision of an order approving the settlement as fair, reasonable, and adequate, an order granting the fee application, or an order granting the incentive award, a

Settlement Class Member must appear and present his or her objection at the Fairness Hearing in person or through his or her counsel, or seek leave of the Court excusing such appearance before the Fairness Hearing.

19. All Settlement Class Members who fail to submit an objection to the proposed settlement or the fee application in accordance with the deadline and procedures set forth above will be deemed to have waived and be forever foreclosed from raising the objection and will have waived the right to appeal approval of settlement.

20. Pending the Court's decision on whether the settlement should be granted final approval and the exhaustion of all appeals or review proceedings with respect thereto, neither Plaintiff nor any Settlement Class Member, nor anyone who acts or purports to act on their behalf, shall commence or pursue any action or proceeding in any forum against any of the Released Persons asserting any Released Claims.

21. In compliance with the Class Action Fairness Act of 2005, codified as 28 U.S.C. § 1715, Harbortouch shall serve written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of the states in which Settlement Class Members reside within 10 days after Plaintiff's Motion for Preliminary Approval of Class Action Settlement and for Conditional Certification of Settlement Class was filed.

22. The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on February 1, 2016 commencing at 3:00 p.m. at the Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, 68102, Courtroom 2, for the following purposes:

    a.    To determine whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes only under Fed. R. Civ. P. 23;

    b.    To determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

    c.    To determine whether the Final Approval Order and Judgment as provided under the Agreement should be entered, dismissing the First Amended Complaint with prejudice, and whether the release by Settlement Class Members of the Released Claims as set forth in the Agreement should be provided to the Released Persons;

    d.    To determine whether Class Counsel's fee application should be approved, including an incentive award to Plaintiff; and

    e.    To dismiss and review other issues as the Court deems appropriate.

23. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.

24. The Court may, from time to time and without further notice to Settlement Class Members, continue or adjourn the Fairness Hearing.

25. Class Counsel must file their fee application and request for approval of an incentive award to Plaintiff no later than 30 days before the Fairness Hearing.

26. Plaintiff must file his motion or motions for final approval of the settlement, no later than 30 days before the Fairness Hearing. The Parties must file any papers

replying to objections or other submissions from Settlement Class Members no later than 10 days before the Fairness Hearing.

27. The Court may approve the settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further may enter the Final Approval Order and Judgment regardless of whether it has ruled on the fee application.

28. No person will have any claim against Plaintiff, Harbortouch, any Settlement Class Members, Released Parties, or any of their respective counsel based on payments made or refused substantially in accordance with the Agreement or further order of the Court.

29. All proceedings with respect to the administration of the settlement, payment of settlement benefits, and the determination of all claims and controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, may be subject to the continuing and exclusive jurisdiction of the Court.

Dated this 26th day of August, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge