**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **AMADOR L. CORONA, Attorney at Law, individually and on behalf of all other similarly situated persons;** | **8:12CV89** |
| **Plaintiff,** | |
| **vs.** | **FINAL JUDGMENT AND ORDER OF DISMISSAL** |
| **UNITED BANK CARD, INC., a corporation;** | |
| **Defendant.** | |

This matter is before the Court on the Plaintiffs' Motion for Final Approval of Class Action Settlement and for Final Certification of Settlement Class (Filing No. 199) and the Plaintiffs' Motion for Attorney Fees and Costs and Incentive Award (Filing No. 202). The Parties appeared before the Court for a hearing on these matters on February 1, 2016.

## BACKGROUND

On or about February 2, 2012, Plaintiff, Amador L. Corona ("Plaintiff") filed a proposed class action lawsuit, *Amador L. Corona v. Transcendent One, Inc. and First National Bank of Omaha*, Case No. CI 12-867, in the District Court of Douglas County, Nebraska, which was removed to the United States District Court for the District of Nebraska and docketed as Case No. 8:12-cv-0089 and later amended on March 21, 2013, and captioned as *Amador L. Corona v. First National Bank of Omaha and United Bank Card, Inc.* (doing business as Harbortouch) (the "Lawsuit").

After extensive arms-length negotiations, discovery and motion practice, including a mediation, the Parties entered into a National Class Action Settlement and

Release dated July 21, 2015 (the "Agreement") (Filing No. 192-1).[1] On July 22, 2015, Plaintiff filed the Agreement, along with his Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). The Agreement includes Harbortouch Payments, LLC (formerly United Bank Card, Inc. d/b/a Harbortouch) ("Harbortouch"), First National Bank of Omaha, and TSYS Merchant Solutions, LLC as Released Persons.

In compliance with the Class Action Fairness Act of 2005, codified as 28 U.S.C. § 1715, Counsel for Harbortouch served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of the states in which Settlement Class members reside within 10 days after Plaintiff's Motion for Preliminary Approval of Class Action Settlement and for Conditional Certification of Settlement Class was filed.

On August 26, 2015, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Settlement ("Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified, for settlement purposes only, a class of plaintiffs referred to as the Settlement Class with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Amador L. Corona as the Class Representative; (iv) appointed Joel Ewusiak, Ewusiak Law, P.A., 100 Main Street, Suite 205, Safety Harbor, FL 34695, Gary R. Pearson, 221 S. 66[th]Street, Lincoln, NE 68510, Christopher Roberts, Chris Roberts Law Firm, P.A.,

_____

[1] All defined terms used in this Final Judgment and Dismissal Order have the same meanings set forth for such terms in the Agreement.

303 Main Street #654, Safety Harbor, FL 34695, and Scott E. Schutzman, Law Offices of Scott E. Schutzman, 3700 S. Susan Street, Suite 120, Santa Ana, CA 92704 as Class Counsel; (v) ordered that notice be given to Settlement Class Members; and (vi) set the date and time of the Fairness Hearing.

On February 1, 2016, a Fairness Hearing was held to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class and should be approved by the Court pursuant to Fed. R. Civ. P. 23.

Under Rule 23(e)(1)(C) the Proposed Settlement must be fair, reasonable, and adequate in the way the Proposed Settlement addresses the interests of all those who will be affected by it. To determine whether the settlement is fair, reasonable, and adequate, the Court must consider (i) the merits of the plaintiff's case, weighed against the terms of the settlement; (ii) the defendant's financial condition; (iii) the complexity and expense of further litigation; and (iv) the amount of opposition to the settlement. *Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 648 (8th Cir. 2012). The Eighth Circuit has stated:

> A strong public policy favors agreements, and courts should approach them with a presumption in their favor. Although a trial court must consider the terms of a class action settlement to the extent necessary to protect the interests of the class, judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel.

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999) (internal marks and citations omitted).

The Court has considered the law, the Agreement, and all arguments and written submissions made in connection with the matter. No objections or comments by Settlement Class Members were received, and no Class Members appeared at the fairness hearing. For the reasons stated, the Court concludes the settlement is fair, reasonable, and adequate. Accordingly,

IT IS ORDERED:

1.      Plaintiffs' Motion for Final Approval of Class Action Settlement and for Final Certification of Settlement Class (Filing No. 199), is granted.

2.      The Court has jurisdiction over the subject matter of this action, Plaintiff, Harbortouch, all Settlement Class Members and all Released Parties.

3.      Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class with respect to the claims asserted in the Lawsuit:

> All Persons within the United States that are or were Harbortouch Merchants, and that paid Harbortouch an IRS Processing Validation Fee and did not receive a full refund, provided that the Person submitted a Merchant Application to Harbortouch prior to February 1, 2009.

Excluded from the Settlement Class are:

a.      Persons that received a full refund of IRS Processing Fees paid;

b.      Persons that believed, before signing the Merchant Application, that First National Bank of Omaha or Harbortouch had a right under the contract to unilaterally amend or modify contractual terms that would permit the assessment of the IRS Processing Validation Fees, after providing 30 days' written notice;

c. Harbortouch and its employees, officers, directors, and all persons with a controlling interest, and Harbortouch's legal representatives, predecessors, successors and assigns; and

d. Persons that submitted a valid and timely request for exclusion from the Settlement Class.

4. Pursuant to Fed. R. Civ. P. 23, the Court finally certifies, for settlement purposes only, Plaintiff, Amador L. Corona, as the Class Representative and Joel Ewusiak, Ewusiak Law, P.A., 100 Main Street, Suite 205, Safety Harbor, FL 34695, Gary R. Pearson, 221 S. 66th Street, Lincoln, NE 68510, Christopher Roberts, Chris Roberts Law Firm, P.A., 303 Main Street #654, Safety Harbor, FL 34695, and Scott E. Schutzman, Law Offices of Scott E. Schutzman, 3700 S. Susan Street, Suite 120, Santa Ana, CA 92704 as Class Counsel.

5. Notice of the proposed settlement and the Fairness Hearing was given to Settlement Class Members in accordance with the Preliminary Approval Order. The form and substance of the Notice and method for notifying the Settlement Class Members of the Settlement and its terms and conditions satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to the Notice. The Court finds that the Notice was clearly designed to advise the Settlement Class Members of their rights.

6. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment, for settlement purposes only, pursuant to Fed. R. Civ. P. 23, namely:

a. The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

b. There are questions of law and fact common to the Settlement Class Members which predominate over individual questions;

c. The claims of the Plaintiff are typical of the claims of the Settlement Class Members;

d. The Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members, the strength of Plaintiff's case, the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the amount of any potential total recovery for the class.

8. The Agreement, which shall be deemed incorporated into this Final Judgment and Order of Dismissal, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except

as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement.

9.      Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

10.      No Class Members made a valid and timely request for exclusion from the proposed settlement.

11.      On November 17, 2015, the Court docketed a document titled "OBJECTION by Charlene M. Parra as to defendant United Bank Card, Inc. a corporation doing business as Harbortouch." (Filing No No. 198.) The Court has considered this filing and determined that the document is not an objection to the proposed settlement, but rather, an attempt by the individual to request settlement benefits.  No other objections were docketed.

12.      Of the approximately 21,658 Settlement Class Members, none objected to the settlement.

13.      All Settlement Class Members who failed to submit an objection to the settlement in accordance with the deadline and procedures set forth in the Preliminary Approval Order are deemed to have waived, and are forever foreclosed from, raising any objections.

14.      This Final Judgment is binding on all Settlement Class Members.

15.      Plaintiff and all Settlement Class Members are hereby deemed to have fully, finally, and forever released, relinquished, and discharged the Released Persons from all Released Claims, as more fully set forth in the Agreement, and are permanently barred and enjoined from pursuing any Released Claims against the Released Persons.

Pursuant to the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Judgment.

16. The Court hereby dismisses this Lawsuit with prejudice in all respects, without fees or costs, except as provided in the Agreement.

17. Plaintiffs' Motion for Attorney Fees and Costs and Incentive Award (Filing No. 202) is granted.

18. Class Counsel is awarded $215,000.00 in attorney fees and reimbursement of expenses, which is an amount that the Court finds fair and reasonable. This amount will be paid by Harbortouch at the time specified in the Agreement, and is to be allocated by Class Counsel among themselves under their own agreement. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

    a. Class Counsel devoted substantial time and effort to pursuing this action;

    b. The settlement will result in a meaningful recovery by all Class Members;

    c. Class Counsel took the case on a contingent basis, and assumed and bore substantial risk in pursuing the case during the time it has been pending;

    d. Class Counsel conducted the litigation and obtained the settlement through the exercise of skill, perseverance, and diligent advocacy;

e.     The action involves complex factual and legal issues that, in the absence of a settlement, would involve further lengthy proceedings and uncertain outcomes as to those issues;

f.     Had Class Counsel not obtained the settlement, there would have been a significant risk that the Settlement Class Members would ultimately recover less or nothing from Defendant;

g.     Approximately 20,634 copies of the Notice or a Summary Notice were mailed to Settlement Class Members, stating that Class Counsel would seek attorneys' fees and expenses in the amount now awarded by the Court, and no objections were filed by a Settlement Class Member concerning the settlement and no objections were filed concerning the requested award of fees and expenses;

h.     The amount of the fee award Plaintiff agreed to seek was negotiated through arm's-length negotiations with Harbortouch; and

i.     The amount of attorneys' fees awarded is consistent with awards in similar cases.

19.     An incentive award to Plaintiff is approved in the amount of $5,000, to be paid in accordance with the Agreement. The Court finds the incentive award to be fair and reasonable in light of the time and effort Plaintiff devoted to the prosecution of this litigation on behalf of the Settlement Class Members.

20.     Neither the Agreement nor the settlement, nor any discussion, act, or document prepared or executed in connection with or in furtherance of the Agreement

or settlement, (a) may be used as an admission, concession, or evidence of the validity of any Released Claims or any wrongdoing or liability of Harbortouch or any of the Released Parties; (b) may be used as an admission, concession, or evidence of any fault, misrepresentation, or omission of Harbortouch or any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) may be used or admitted for any purpose other than enforcement of the terms of the Agreement or the settlement.

21.     Neither Class Counsel's fee application, any order or proceedings relating to the application, nor any appeal from any order relating thereto or reversal or modification thereof, shall in any way affect or delay the finality of this Final Judgment, and all such matters shall be considered separately from this Final Judgment.

22.     Without affecting or delaying the finality of this Final Judgment, the Court retains exclusive jurisdiction over the Parties, Settlement Class Members, and Released Persons for all matters relating to this action and the settlement, including the administration, interpretation, implementation, or enforcement of the Agreement and this Final Judgment.


Dated this 1st day of February, 2016

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge